## No. 28418

## The People of the State of Colorado v. Harold Lofton Childs, Jr.

(610 P.2d 101)

Decided April 21, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Kathleen M. Bowers, Assistant Attorney General, Appellant Section, for plaintiff-appellee.

Treece, Zbar, King, Schieman & Stanley, P.C., Gordon E. Schieman, for defendant-appellant.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Harold Lofton Childs, appeals his conviction under the mandatory sentencing for crimes of violence provisions of section 16-11-309, C.R.S. 1973 (now in 1978 Repl. Vol. 8). He contends that the section is violative of the equal protection clauses of the Colorado and United States Constitutions because it does not include all violent crimes within its scope. In addition, the defendant asserts that section 16-11-309 violates the separation of powers doctrine of the Colorado and United States Constitutions by prohibiting the exercise of judicial discretion in sentencing.[1] We uphold the statute's constitutionality and affirm the district court.

The defendant was charged with attempt to commit first-degree murder, attempt to commit second-degree murder, assault in the first-degree, assault in the second-degree, menacing, resisting arrest, prohibited use of weapons, and mandatory sentences for violent crimes. The charges stemmed from a shooting incident in which the defendant fired several shots at police officers who had been responding to reports of a family disturbance. One officer was hit in the head with several pellets from the defendant's shotgun.

Before trial, the defendant entered into a plea bargain whereby he pled guilty to the charge of assault in the first-degree and mandatory sentences for violent crimes. The other charges were dismissed and the defendant was given a 5-6 year sentence at the Colorado State Reformatory.

---

[1] The defendant also asserts that he has been subjected to cruel and unusual punishment in violation of his constitutional rights. In light of the Supreme Court's recent decision in *Rummell v. Estelle*, 445 U.S 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), however, this argument is not well founded.

Prior to the execution of his sentence, however, the defendant raised the constitutional issues that are before this court. The trial court denied the defendant's motion to declare section 16-11-309 unconstitutional.

The right to equal protection of the law guarantees only that all parties who are similarly situated receive like treatment by the law. Where the general assembly has made a distinction between different classes of people, that distinction will be upheld provided it is neither arbitrary nor unreasonable. *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975). Only in those cases where the challenged statute singles out individuals in a suspect class, such as race, or involves the exercise of a fundamental right, will this Court require more than a rational basis to support the legislative classification. *See e.g. Fuhrer v. Department of Motor Vehicles*, 197 Colo. 325, 592 P.2d 402 (1979); *Gates v. South Suburban Metropolitan Recreation and Parks District*, 183 Colo. 222, 526 P.2d 436 (1973).

In this case, the defendant argues that section 16-11-309 violates the equal protection clause because it includes within its enhanced sentencing provisions the crime of first-degree assault, which is a class 3 felony, while it does not include the crimes of attempted first and second-degree murder, which are class 2 and 3 felonies respectively. Section 16-11-309(2) provides:

"'Crime of violence' means a crime in which the defendant used, or possessed and threatened the use of, a deadly weapon during the commission of a crime of murder, first or second degree assault, kidnapping, sexual assault, robbery, first degree arson, first or second degree burglary, escape, or criminal extortion, or during the immediate flight therefrom, or who caused serious bodily injury or death to any person, other than himself or another participant, during the commission of any such felony or during the immediate flight therefrom."

Thus, the question before us is whether the General Assembly could rationally exempt attempt crimes from the mandatory sentences for violent crimes statute.

In our view, the General Assembly could rationally determine that since an attempt normally involved less severe consequences than are typical of a completed crime, it should not be included in section 16-11-309. An attempt can be committed by any substantial step toward the commission of a crime and the completion of the crime of attempt does not require actual violence. *See* section 18-2-101, C.R.S. 1973 (now in 1978 Repl. Vol. 8). In fact, the victim may not even be aware of the attempt as it is being committed. Accordingly, we hold that the classification is rationally based and passes constitutional muster.

The remaining issue to be considered is whether the enactment of the mandatory sentencing act violates the separation of powers doctrine in either the Colorado or United States Constitutions. We hold that it does

not. The judiciary is not granted the absolute right to determine punishment in every case. *Cf. People v. Ray*, 192 Colo. 391, 560 P.2d 74 (1977); *People v. Burke*, 185 Colo. 19, 521 P.2d 783 (1974). As we stated in *People v. Arellano*, 185 Colo. 280, 524 P.2d 305 (1974):

"It is fundamental that the legislature has the inherent authority to define crimes and to prescribe punishment for criminal violations. This is part of the sovereign power of the state to maintain social order."

Accordingly, we affirm.