**The PEOPLE of the State of Colorado, Plaintiff-Appellant and Cross-Appellee,**

v.

**Julie GARCIA, Defendant-Appellee and Cross-Appellant.**

**No. 83SA261.**

Supreme Court of Colorado, En Banc.

April 29, 1985.

Dennis E. Faulk, Dist. Atty., Eleventh Judicial Dist., Canon City, Douglas A. Weddell, Special Prosecutor for the Eleventh Judicial Dist., Colorado Springs, Duane Woodard, Atty. Gen., Charles B. Howe,

Deputy Atty. Gen., Richard H. Forman, Solicitor Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellant and cross-appellee.

William Gobin Fox, Canon City, for defendant-appellee and cross-appellant.

ERICKSON, Chief Justice.

In this consolidated appeal,[1] both the prosecution and the defendant, Julie Garcia, appeal from rulings entered by the Fremont County District Court. The prosecution asserts that the district court abused its discretion in disqualifying the Fremont County District Attorney and his staff because a deputy district attorney was endorsed as a witness. In addition, the prosecution claims that the trial judge refused to impose a sentence in excess of the statutorily prescribed presumptive range in accordance with the requirements of section 18–8–212(3), 8 C.R.S. (1984 Supp.). The defendant challenges the constitutionality of section 18–8–212, 8 C.R.S. (1984 Supp.), which imposes criminal liability for failing to appear for trial or other proceedings in a case in which a bail bond has been filed. The defendant also asserts that the prosecution failed to establish a prima facie case with respect to a culpable mental element required by the statute. We affirm in part, reverse in part, and remand with directions.

I.

The defendant was originally charged in December 1980 with introduction of contraband in the first degree. § 18–8–203, 8 C.R.S. (1984 Supp.). A bond was posted for the release of the defendant, and she was subsequently convicted of the offense. Following her conviction and while still on bond, the defendant appeared before the district court on February 26, 1982, and was ordered to again appear on April 16, 1982, for rulings on her motion for new trial, and for sentencing. The defendant failed to appear on April 16, and a bench warrant was issued for her arrest. She was later arrested on the warrant in Las Vegas, Nevada, and was returned to Colorado on October 25, 1982.

As the result of the defendant's failure to appear at the April 16 proceeding, an information was filed by the Fremont County District Attorney's Office, charging her with violating the conditions of her bond. § 18–8–212(1), 8 C.R.S. (1984 Supp.). Inasmuch as Jeffrey Manning, the deputy district attorney who prosecuted the introduction of contraband charges, was endorsed on the information as a witness for the prosecution in the bond violation charge, the defendant moved to dismiss the charge or, alternatively, to disqualify the entire staff of the Fremont County District Attorney's Office from prosecuting the case.[2] The district court refused to dismiss the charge, but disqualified the Fremont County District Attorney's Office on the basis that the presence in a single trial of two deputy district attorneys from the same office, acting in the separate capacities of prosecutor and witness, created an appearance of impropriety.

A special prosecutor from the El Paso County District Attorney's Office was appointed by the district court to prosecute the case, and the defendant was subsequently convicted of violating section 18–8–212(1). The defendant was sentenced to a term of one year at the Colorado State Penitentiary, to be served consecutively to her sentence for the introduction of contraband conviction.

II.

■ Prior to trial, the defendant filed a motion to disqualify the entire staff of the

---

**1.** Jurisdiction was accepted by this court on the defendant's appeal before the court of appeals in No. 83CA0681, and the case was consolidated with the prosecution's appeal before this court in No. 83SA261.

**2.** Another deputy district attorney was assigned to conduct the prosecution on the bond viola-

tion charge. The motion to disqualify the Fremont County district attorney and his staff was based upon vicarious disqualification principles and upon an appearance of impropriety. *See Code of Professional Responsibility* DR5–105(D) & DR9–101.

Fremont County District Attorney's Office because Jeffrey Manning was endorsed as a witness for the prosecution.[3] The motion was granted by the district court because the appearance of a witness who was also a member of the district attorney's staff that was prosecuting the case created "an appearance of impropriety." A special prosecutor from the El Paso County District Attorney's Office was thereafter appointed by the district court, who prosecuted the case. The prosecution now requests this court to determine whether the disqualification order was required as a matter of law. *See* § 16–12–102, 8 C.R.S. (1978). The record does not establish an abuse of discretion by the trial judge in ordering the disqualification of the Fremont County District Attorney's Office.

We have held that the determination of whether a district attorney should be disqualified in a criminal case when he or a member of his staff appears as a witness depends upon whether the testimony is of sufficient consequence to prevent a fair trial. *Riboni v. District Court*, 196 Colo. 272, 586 P.2d 9 (1978); *People v. District Court*, 192 Colo. 480, 560 P.2d 463 (1977); *People v. Spencer*, 182 Colo. 189, 512 P.2d 260 (1973). The Code of Professional Responsibility prescribes rules limiting the active appearance of a district attorney when he is also a necessary trial witness. *See Code of Professional Responsibility* DR 5–101(B) & DR 5–102, EC 5–9; *Model Rules of Professional Conduct* Rule 3.7 (Approved Draft 1983).[4] The basic reason for the limitation is to protect the integrity of the adversary process by separating the lawyer's role as an advocate from that of a witness. Advocacy is based on reason and is subject to objective evaluation, whereas testimony "is based on the witness' moral qualities and is evaluated in terms of individual credibility." Enker, *The Rationale of the Rule that Forbids a Lawyer to be*

3. The defendant asserted at trial and again on appeal that the appropriate remedy for Manning's participation in the bond violation prosecution is dismissal of the charge. No authority is cited by the defendant nor has any authority been found to support such a remedy and we find the argument to be without merit.

4. DR 5–101(B) of the Code of Professional Responsibility provides:

A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

DR 5–102 provides:

DR 5–102 Withdrawal as Counsel When the Lawyer Becomes a Witness.

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

(B) If, after undertaking employment in contemplated or pending litigation, a · lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

Rule 3.7 of the Model Rules of Professional Conduct states:

RULE 3.7 LAWYER AS WITNESS

Model Rule Text:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) The testimony relates to an uncontested issue;

(2) The testimony relates to the nature and value of legal services rendered in the case; or

(3) Disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

*Advocate and Witness in the Same Case,* Am.B.Found. Research J. 455, 463 (1977). The separation of the witness from the adversary process and from the advocacy function of the prosecutor is essential and forecloses a prosecutor from combining argument with fact or from impermissibly injecting his personal belief into arguments before the jury. *See Code of Professional Responsibility,* DR 7–106(C); *Model Rules of Professional Conduct* Rule 3.4(e).

At trial, Manning identified the defendant, described the conditions of her bail bond, and stated that the defendant was present at the hearing on February 26 when the order was entered for her to appear for further proceedings on April 16.[5] Manning stated that he observed the defendant when she was addressed by the court, and that she appeared to have no difficulty hearing or understanding the order. He also testified that although the defendant remained on bond, she did not appear at the April 16 hearing. Manning's testimony supported the prosecution's charge that the defendant was advised and understood the court's order directing her to appear for further proceedings. The testimony was relevant and necessary to prove the culpable mental state of "knowingly," which was an element of the offense charged. § 18–8–212, 8 C.R.S. (1984 Supp.). The disqualification of Manning was therefore proper. *People v. Spencer,* 182 Colo. 189, 512 P.2d 260 (1973).

The disqualification of the entire staff of the Fremont County District Attorney's Office was also, under the circumstances of this case, not an abuse of discretion. The Code of Professional Responsibility would require a private law firm to withdraw if an attorney associated with the firm was required to withdraw because of an ethical rule. *See Code of Professional Responsibility* DR 5–105(D). *See, e.g., Armstrong v. McAlpin,* 606 F.2d 28 (2d Cir.1979); *Comden v. Superior Court,* 20 Cal.3d 906, 145 Cal.Rptr. 9, 576 P.2d 971

(1978). The same rule of imputed disqualification may be considered in determining the ethical standards for disqualification of a public law firm, such as a district attorney.

However, under some circumstances, the interests protected by the ethical rules may not be endangered when a deputy district attorney appears as a witness and another attorney from the same office appears as an advocate. *See* Brown & Brown, *Disqualification of the Testifying Advocate—A Firm Rule?,* 57 N.C.L.Rev. 597 (1979); Enker, *supra,* at 465. We recognize that the prosecution of a criminal case by a district attorney in which a member of his staff appears as a prosecution witness may create an appearance of impropriety in the eyes of the public. But we are also mindful that "when we deal with what the public thinks, we must be careful not to accept the view of the most cynical as the true voice of the public, lest we accept a lack of faith in our institutions as a categorical basis for restricting otherwise quite ethical conduct." *International Electronics Corp. v. Flanzer,* 527 F.2d 1288, 1294 (2d Cir.1975) *quoted in Greenebaum-Mountain Mortgage Company v. Pioneer Nat. Title Ins.,* 421 F.Supp. 1348, 1353 (D.Colo.1976).

In our view, the determination of whether a district attorney and his staff should be disqualified is a matter largely within the discretion of the district court. The trial court should consider whether disqualification appears reasonably necessary "to insure the integrity of the fact-finding process, the fairness or appearance of fairness of trial, the orderly or efficient administration of justice, or public trust or confidence in the criminal justice system." *People ex rel. Younger v. Superior Court,* 86 Cal.App.3d 180, 150 Cal.Rptr. 156, 158 (Cal.App.1978). The goal of the court should be to shape a remedy which will assure fairness to the parties and the integrity of the judicial process. *Greenebaum,*

---

**5.** The prosecution filed a brief with the court prior to trial which identified the matters to which Manning was expected to testify.

421 F.Supp. at 1353–54. Among the relevant factors to be considered by the court are the nature, relevance and necessity of the testimony, the size and degree of integration of the district attorney's staff, and the degree to which the testimony is contested.

In this case, the size of the prosecuting staff of which Manning was a member was relatively small. The testimony was relevant and necessary to prove an essential element of the offense charged, and, as it related to the defendant's understanding of the court's order to appear for further proceedings, was severely contested by the defendant. Under such circumstances, we cannot conclude that the disqualification of the Fremont County District Attorney's Office was an abuse of discretion.

### III.

■ The prosecution asserts that the district court improperly refused to impose a sentence in excess of the presumptive range for class five felonies by sentencing the defendant to a one-year term in the state penitentiary. We agree.

Section 18–8–212(3), 8 C.R.S. (1984 Supp.), provides:

A person convicted under this section shall not be eligible for probation or a suspended sentence and shall be sentenced to imprisonment of not less than one year for violation of subsection (1) of this section and not less than six months for violation of subsection (2) of this section. Any such sentence shall be served consecutively to any sentence for the offense on which the person is on bail.

The general sentencing provisions in effect at the time of the defendant's conviction of violating section 18–8–212 required the court, if it sentenced the defendant to incarceration, to impose a term greater than the maximum in the presumptive range upon finding the presence of one or more specifically enumerated extraordinary aggravating circumstances. *See* § 18–1–105(9)(a)(I)–(V), 8 C.R.S. (1984 Supp.).

In our view, the specific limitations on the court's sentencing discretion imposed by section 18–8–212(3) do not by their terms create an exclusive sentencing scheme for the offense of failure to appear for proceedings in violation of the conditions of a bail bond, nor does the statute allow the trial court to ignore the requirements of section 18–1–105(9) in imposing sentence. The fact that section 18–8–212 requires sentences of "not less" than prescribed terms to be imposed for the offense of failure to appear on a bail bond does not preclude the imposition of sentences greater than the mandatory minimum. We perceive nothing in section 18–8–212 which would exempt a convicted defendant from the mandatory requirements of section 18–1–105(9)(a) upon a finding of extraordinary aggravating circumstances.

■ The district attorney asserts that the defendant should be given an aggravated sentence because she had violated the conditions of her bail bond, section 18–1–105(9)(a)(IV), 8 C.R.S. (1984 Supp.), and because she was on probation for a prior felony (second-degree forgery), section 18–1–105(9)(a)(III), 8 C.R.S. (1984 Supp.). We need not decide whether an aggravated sentence should be imposed under section 18–1–105(9)(a)(IV). At the time the defendant in this case violated the conditions of her bond by failing to appear for sentencing, she was on probation for committing a felony. *See* § 18–1–105(9)(a)(III), 8 C.R.S. (1984 Supp.). The district court was required by section 18–8–212(3) to sentence the defendant to incarceration. The failure to sentence the defendant to a term greater than the presumptive range for a class five felony, as required by section 18–1–105(9)(a) due to the presence of an extraordinary aggravating circumstance, was erroneous.

### IV.

The defendant asserts that section 18–8–212 is unconstitutional on the following grounds: (1) the statute violates the prohibition against double jeopardy; (2) the statute is unconstitutionally vague and overbroad; and (3) section 18–8–212(3) denies

equal protection and due process of law. We disagree.

[12, 13] The double jeopardy principle, as codified by section 18–1–302(1)(a)(II), 8 C.R.S. (1978), prevents a second prosecution for the same conduct based upon a provision of law different from the former prosecution, unless the offense in the subsequent prosecution requires proof of a fact not required by the former prosecution and the law defining each offense is intended to prevent a substantially different harm or evil. *Jeffrey v. District Court*, 626 P.2d 631 (Colo.1981). A prosecution for violation of conditions in a bail bond is predicated upon the fact that the accused has been released on bond and knowingly fails to appear for trial or other proceedings in the case in which the bond was filed. A prosecution under section 18–8–212 is for a separate and distinct offense involving conduct wholly different from the initial charge. The defendant's assertion that a prosecution under section 18–8–212 violates the prohibition against double jeopardy is therefore without merit.

■■■ The defendant's assertion that section 18–8–212 is unconstitutionally vague and overbroad is also without merit. The defendant states in a summary fashion that the statute "does not provide adequate notice of what conduct is prohibited and unduly infringes upon protected rights of speech, assembly and travel." However, the defendant fails to demonstrate or even to suggest how the section is vague or overbroad in any context. In our view, the mere assertion by the defendant that the statute fails to meet the requisite constitutional standards is not sufficient to meet her burden of proving that the statute is unconstitutional beyond a reasonable doubt.

■■■ We also reject the defendant's claim that section 18–8–212(3) violates equal protection or due process of law. The defendant asserts that the statute impermissibly draws a distinction between persons convicted of failing to appear for judicial proceedings, as required by a bail bond, and persons convicted of other class five felonies, inasmuch as section 18–8–212(3) does not allow persons convicted of bond violations to introduce mitigating circumstances and receive sentences of less than one year of imprisonment, as permitted for other class five felonies.

■■■ We have held that where the General Assembly has made a distinction between different classes of people, that distinction will be upheld provided it is neither arbitrary nor unreasonable.[6] *People v. Childs*, 199 Colo. 436, 610 P.2d 101 (1980). In our view, the General Assembly could rationally conclude that the failure to appear for trial or other proceedings, as required by a bail bond, constitutes a sufficiently egregious disruption of the judicial system to justify the filing of felony charges, and that the imposition of a mandatory minimum sentence is necessary to effectively punish and deter the criminal conduct. Given the fact that a sentence for violation of section 18–8–212 may often be entered in conjunction with a conviction and sentence on an underlying felony charge, a scheme of discretionary or concurrent sentencing might effectively vitiate any punitive or deterrent effect of the separate statutory penalty for violation of bail bond conditions. Accordingly, the mandatory minimum sentence required by section 18–8–212 is not irrational.

■■■ The defendant asserts that the prosecution failed to present sufficient evidence relating to the culpable mental element of "knowingly" required by section 18–8–212(1). We conclude that the claim is

6. The rational basis standard will apply to all legislative classifications unless the challenged statute singles out individuals in a suspect class or involves the exercise of a fundamental right, in which a "strict scrutiny" standard of review will apply, or unless the classification is based upon gender, in which an intermediate standard of review will be applied. *See Austin v. Litvak*, 682 P.2d 41 (Colo.1984); *People v. Childs*, 199 Colo. 436, 438, 610 P.2d 101, 102 (1980). The defendant concedes in her reply brief that the rational basis test is the proper standard of review in this case.

not supported by the record and is without merit.

The judgment of district court upholding the constitutionality of section 18–8–212 and the sufficiency of the evidence is affirmed. The case is remanded to the district court for resentencing in compliance with the applicable statutory requirements.