The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Leo Jason MACRANDER,
Defendant–Appellant.

No. 89CA1401.

Colorado Court of Appeals,
Division I.

May 9, 1991.

Rehearing Denied June 20, 1991.

Certiorari Granted Sept. 23, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Twining, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Leo Jason Macrander, appeals from the judgment of conviction of attempted second degree murder, first degree assault, and felony menacing entered on a jury verdict of guilty. The dispositive issue presented by this appeal is whether an assistant or deputy district attorney, who is employed by the same elected district attorney as is the assistant or deputy who is responsible for prosecuting a criminal case, but who is otherwise unconnected with that case, is an "attorney of record" under § 16–10–103(1)(b), C.R.S. (1986 Repl. Vol. 8A), so that such attorney's mother may not sit as a juror in the trial of that criminal case. Because we are convinced that such an assistant or deputy is an attorney of record, we conclude that the trial court committed prejudicial error in refusing to sustain defendant's challenge for cause. Thus, we reverse and remand for a new trial.

Section 16–10–103(1)(b) requires a court in a criminal proceeding to sustain a challenge for cause to any juror who is related "within the third degree, by blood, adoption, or marriage, to a defendant or to any attorney of record or attorney engaged in the trial of the case."

During jury voir dire, it was discovered that one of the prospective jurors was the mother of a deputy district attorney in the same judicial district where defendant was being prosecuted. Thus, this juror's son, although he had not been involved in the prosecution of the case against defendant, was on the staff of the district attorney under whose auspices the defendant was being prosecuted, and he was a co-employee of the actual prosecutor.

Defendant's challenge of this juror for cause was denied by the trial court, which concluded that, because the juror's son had not actually participated in any way in the prosecution of the charges against defendant, he was neither an "attorney of record" nor an "attorney engaged in the trial of the case." Thus, defendant was required to use a peremptory challenge to excuse this juror. He also used all of his remaining peremptory challenges and, in addition, requested that he be allowed to exercise an additional peremptory challenge, which the trial court denied.

■ We conclude, contrary to the trial court's opinion, that the juror's son here was an "attorney of record" under § 16–10–103(1)(b). Hence, we need not decide whether he was also an attorney "engaged in the trial of the case."

The statutory phrase under consideration has received scant prior judicial attention. In *People v. Langford*, 191 Colo. 87, 550 P.2d 329 (1976), the attorney to whom the juror was related was a private attorney who had done some "preliminary work" (the nature of which is not disclosed by the *Langford* opinion) for the private attorney who was defending in the case. There is no indication that this attorney shared offices, or was otherwise connected, with trial counsel. This being so, the supreme court summarily concluded that the non-appearing attorney was neither an attorney of record nor engaged in the trial of the case.

On the other hand, in *People in Interest of R.A.D.*, 196 Colo. 430, 586 P.2d 46 (1978),

an opinion construing a different, but related, provision of § 16–10–103, the supreme court instructed us that "[t]o insure that a jury is impartial in both fact and appearance, a prospective juror who has even a tenuous relationship with any prosecutorial or law enforcement arm of the state should be excused from jury duty in a criminal case."

*Smith v. Beckman,* 683 P.2d 1214 (Colo. App.1984), relied upon by the People, is inapposite. No part of § 16–10–103 was the subject of that opinion. Rather, that case presented the issue whether a county court judge should have recused himself from sitting on a misdemeanor charge. This court held that the judge's wife, who was a deputy district attorney in the same district, was not "engaged in the case" under Crim. P. 21(b)(1)(I), if she took no active part in the prosecution of the charge. Nevertheless, we held that, since the circumstance of the parties' marriage presented an appearance of impropriety, the judge would be required to recuse himself in all criminal cases arising in his county, so long as his wife continued as a deputy district attorney.

In our consideration of § 16–10–103(1)(b), we note that this statute distinguishes between an "attorney of record" in a case and one who is "engaged in the trial" of that case. Assuming a literal interpretation of this latter phrase, we can conceive of no instance in which an attorney who is engaged in a trial of a case is not also an "attorney of record" therein. However, there may exist numerous instances in which an "attorney of record" does not actually take part in the trial. Thus, that phrase is broader than, and includes counsel not included within, the phrase, "engaged in the trial of the case."

And, this distinction is particularly important when consideration is given to the nature of the appearances required by an elected district attorney in connection with the prosecution of a criminal charge.

Section 20–1–102(1)(a), C.R.S. (1986 Repl. Vol. 8B) requires the district attorney to "appear" in "all indictments, actions, and proceedings ... within his district wherein the state or the people ... may be a party." If the district attorney is interested in any such case, the district court of that judicial district may appoint a "special prosecutor." However, that special prosecutor may not be a member of the disqualified district attorney's staff. Such appointment must be of an elected district attorney, or an assistant or deputy thereto, whose district is outside the judicial district in which the charges are to be tried or, if authorized by the Chief Justice of the Supreme Court, of a disinterested private attorney. Section 20–1–107, C.R.S. (1986 Repl.Vol. 8B).

The elected district attorney may appoint deputies, § 20–1–201, C.R.S. (1986 Repl. Vol. 8B), and assistants, § 20–1–206, C.R.S. (1986 Repl.Vol. 8B), but these officials act on behalf of the district attorney and in his name. Sections 20–1–202 and 20–1–206, C.R.S. (1986 Repl.Vol. 8B). Thus, every indictment must be signed "by the prosecuting attorney, his assistant, or his deputy," § 16–5–201, C.R.S. (1986 Repl.Vol. 8B), and the required statutory form for a criminal information mandates that it be filed on behalf of the district attorney. Section 16–5–202, C.R.S. (1986 Repl.Vol. 8B).

These statutes make clear that all criminal prosecutions in a particular judicial district must be conducted by the district attorney and that the actions of any deputy or assistant district attorney are undertaken only as his agent and in his name. Thus, the district attorney must, of necessity, be an "attorney of record" in every criminal case prosecuted by his office.

From this viewpoint, the elected district attorney and all of the deputies and assistants employed by him resemble a private law firm. Indeed, for purposes of the imputation of knowledge from one deputy or assistant district attorney to another, or for purposes of determining whether one deputy or assistant district attorney's conflict may disqualify another, the same rules that are applicable to private law firms are also applied to the district attorney and his staff. *See Pease v. District Court,* 708 P.2d 800 (Colo.1985) (the necessity for testimony from one assistant district attorney renders all staff members of the employing

district attorney disqualified to appear in that case); *People v. Garcia,* 698 P.2d 801 (Colo.1985) (same); *Jeffrey v. District Court,* 626 P.2d 631 (Colo.1981) (knowledge of any assistant or deputy imputed to all members of staff); *DeLuzio v. People,* 177 Colo. 389, 494 P.2d 589 (1972) (same).

A similar approach has also been adopted in considering the disqualification of, or imputation of knowledge to, the public defender's office. *See McCall v. District Court,* 783 P.2d 1223 (Colo.1989) (disqualification); *Rodriguez v. District Court,* 719 P.2d 699 (Colo.1986) (imputation of knowledge).

The decisions with regard to the district attorney's staff have been based upon a consideration of the nature of the agency that exists between the elected district attorney and all of the members of his staff and the common interest that they share in the prosecutorial business of the district attorney's office. These same considerations lead us to conclude that each member of the staff of a district attorney, who is charged by law with prosecuting a particular case, must be considered to be an "attorney of record" in those cases being prosecuted in the name of that district attorney, at least for purposes of the particular statute under consideration here. Hence, the trial court erred in overruling the challenge for cause registered against the juror who was the mother of an attorney on the staff of the elected district attorney charged with prosecuting defendant.

■ We also reject the People's argument that the trial court's error in this respect was not prejudicial.

If, as here, a court erroneously denies a challenge for cause, and the defendant uses all of his peremptory challenges, including one to remove the disqualified juror, the effect is to deprive the defendant of his guaranteed number of peremptory challenges. *People in Interest of R.A.D., supra. See also People v. Rogers,* 690 P.2d 886 (Colo.App.1984). This circumstance has always been looked upon as prejudicial, and we consider it to be so here.

The judgment of the district court is reversed, and this cause is remanded to that court for a new trial.

DUBOFSKY, J., concurs.

PIERCE, J., dissents.

Judge PIERCE dissenting.

I do not agree with the determination by the majority that § 16–10–103(1)(b), C.R.S. (1986 Repl.Vol. 8A) requires that, under the peculiar facts of this case, the trial court was required to sustain a challenge for cause because one of the prospective jurors was the mother of a deputy district attorney in this very large judicial district.

The mother testified during *voir dire:*

Q: "Do you have much of an opportunity to talk with your son about his business?

A: "He doesn't discuss his job."

This statement is typical of all of the others that she made during the interrogation, and there is absolutely nothing indicated in the questioning which could raise the slightest specter that she could not sit as a fair and impartial juror in this case. The record also shows that the deputy district attorney prosecuting the case, although he knew that the juror's son worked in their office, stated that he "did not work with him."

The question then becomes, does the application of § 16–10–103(1)(b), in and of itself, disqualify the mother as a matter of law? I think not.

The majority candidly admits that the prospective juror's son was not in any way connected with the prosecution of this case. But, the majority through a very tortuous analysis, then attempts to establish that he is somehow an "attorney of record" just because he is employed in the same large office. I find such argument singularly unpersuasive.

Nowhere in this record does his name appear anywhere as an attorney of record. Furthermore, the cases cited by the majority for this proposition may have reached proper results on their specific facts, but

they do not establish a rule to be followed in this case.

In *Pease v. District Court*, 708 P.2d 800 (Colo.1985), two members of the district attorney's prosecutorial staff in a very small judicial district were to testify at trial, and the jury would, therefore, be hearing from three prosecutors from a single small office. In *Jeffrey v. District Court*, 626 P.2d 631 (Colo.1981), the members of the district attorney's office were again in a small office working on matters involving the same criminal episode. In *DeLuzio v. People*, 177 Colo. 389, 494 P.2d 589 (1972), the statements relied on by the majority are *dicta* because, in that case, the district attorney himself had sufficient knowledge, and it was held that he knew or should have known of a deal made by someone else in his office. All of these cases show unfair advantage held by the prosecution.

*People v. Garcia*, 698 P.2d 801 (Colo. 1985), also cited by the majority, is more instructive and, I think, is controlling here. In that case, our supreme court upheld a determination by a trial court that a district attorney and his staff should be disqualified. The court there said:

> "In our view, the determination of whether a district attorney and his staff should be disqualified is a matter largely within the discretion of the district court.
>
> . . . .
>
> The goal of the court should be to shape a remedy which will assure fairness to the parties and integrity of the judicial process. . . . Among the relevant factors to be considered by the court are the nature, relevance and necessity of the testimony, the size and degree of integration of the district attorney's staff, and the degree to which the testimony is contested."

In *Garcia*, the size of the prosecuting staff of which the prosecutor was a member was relatively small. The testimony was relevant and necessary to prove an essential element of the offense charged. As it related to the defendant's understanding of the court's order to appear for further proceedings, it was a matter severely contested by the defendant. Under such circumstances, we can readily see that the disqualification of the prosecutor and staff was not an abuse of discretion.

When that analysis and those criteria are applied to the case before us, I can discern no abuse of discretion by the trial court, and I would hold that the extremely tangential relationship of the juror's son to this case does not make him an "attorney of record."

Since proper discretion was exercised by the trial court and since defendant chose to dismiss this juror with a peremptory challenge, I can perceive no basis to mandate the expense and energy of a retrial here that would, in all likelihood, result in the same outcome.

For the foregoing reasons, I would affirm the trial court.