**CITY AND COUNTY OF DENVER,**
Plaintiff–Appellant,

v.

**COUNTY COURT OF THE CITY AND COUNTY OF DENVER; the Honorable Robert B. Crew, Jr., one of the judges thereof; Douglas Bruce; Carlos Hernandez–Retana; and Gabriela Hernandez, Defendants–Appellees.**

No. 00CA0079.

Colorado Court of Appeals,
Div. III.

April 12, 2001.

Rehearing Denied June 7, 2001.

Certiorari Denied Jan. 14, 2002.

454

J. Wallace Wortham, Jr., City Attorney, James C. Thomas, Assistant City Attorney, John D. Poley, Assistant City Attorney, Denver, CO, for Plaintiff–Appellant.

Long & Jaudon, P.C., Gary B. Blum, David H. Yun, Denver, CO, for Defendants–Appellees County Court of the City and County of Denver and the Honorable Robert B. Crew, Jr.

No Appearance for Defendants–Appellees Douglas Bruce, Carlos Hernandez–Retana, and Gabriela Hernandez.

Opinion by Judge MARQUEZ.

In this action pursuant to C.R.C.P. 106(a)(4), plaintiff, the City and County of Denver (City), appeals a district court order denying the City's request for relief from a county court order that disqualified the City Attorney's office from further representing the City in a civil public nuisance abatement case. We affirm.

In May 1999, the City filed a complaint in county court for abatement of a class one public nuisance against a rental property and named the owner and his handyman as individual defendants. The action was based on the discovery of a bag of cocaine in the backyard of one of the apartments used by the handyman.

The owner subsequently placed a plastic baggie of corn starch on the lawn at the home of the assistant city attorney prosecuting the abatement case and took photographs of the baggie. The assistant city attorney then filed a police report and sought a restraining order and sanctions against the owner.

During a hearing on certain motions, the handyman raised the issues of conflict of interest and continued handling of the case by the assistant city attorney and the City Attorney's office. The court continued the matter and allowed the parties to submit briefs. After reviewing the briefs of each party, the county court held that "[b]ecause of the appearance of impropriety the city attorney's office is disqualified and a special prosecutor is to be appointed."

The City then filed this C.R.C.P. 106 action in Denver District Court, alleging that the county court had abused its discretion in granting the request to disqualify. The district court concluded there was a sufficient basis to disqualify both the assistant city attorney and the City Attorney's office, and this appeal followed.

Because this proceeding was brought pursuant to C.R.C.P. 106 and was commenced in the district court, this court has jurisdiction. *See County Court v. Ruth,* 194 Colo. 352, 575 P.2d 1 (Colo.1977); *Milburn v. County Court,* 859 P.2d 909 (Colo.App.1993).

Under C.R.C.P. 106(a)(4), our review is "limited to a determination of whether the [county court] exceeded its jurisdiction or abused its discretion, based on the evidence in the record before the [county court]."

An appellate court must review the issues on a *de novo* basis. In such a case,

this court engages in the same type of record review as did the district court and is not bound by any determination made by the district court. *Feldewerth v. Joint School District 28–J,* 3 P.3d 467 (Colo.App.1999).

## I.

■ The City first contends that the county court abused its discretion in holding that, following the adoption of the Colorado Rules of Professional Conduct (CRPC), an appearance of impropriety alone justified disqualification of the City Attorney's office. We disagree.

The CRPC replaced the Code of Professional Responsibility (CPR) in 1993. The CRPC make no specific mention of "the appearance of impropriety." According to the City, the omission of this term abolished the concept of avoiding the appearance of impropriety. We are not persuaded.

Before 1993, the appearance of impropriety was a proper ground for disqualification. *See People v. Garcia,* 698 P.2d 801 (Colo.1985)(witness who was also a member of district attorney's staff that was prosecuting case created an appearance of impropriety); *People v. County Court,* 854 P.2d 1341, 1344 (Colo.App.1992)("appearance of impropriety is not only a proper ground for disqualification, [but] it is also a compelling basis for such action").

Even after the 1993 adoption of the CRPC, Colorado courts have applied the appearance of impropriety standard, often in the context of district attorney disqualification under § 20–1–107, C.R.S.2000. *See People ex rel. Sandstrom v. District Court,* 884 P.2d 707 (Colo.1994)(disqualification proper when a district attorney has a direct interest in a case that is likely to create an appearance of impropriety). In *People v. Merchant,* 983 P.2d 108 (Colo.App.1999), a division of this court held that the appearance of impropriety is a ground for disqualification and cited *Sandstrom* for the proposition that disqualification is proper when an official has some involvement in a case that would impair his or her ability to prosecute fairly.

Although the present case deals with city attorneys, we find this authority persuasive since the city attorneys here were public attorneys acting in a prosecutorial capacity.

The argument that the appearance of impropriety should no longer be considered as a basis for disqualification because it is not mentioned in the CRPC was specifically rejected in *People v. Witty,* 36 P.3d 69 (Colo. App.2000). There, a division of this court declined to hold that, by its adoption of the CRPC and repeal of the CPR, the supreme court intended to overrule longstanding case law including such cases as *People v. Garcia, supra.* The division held that the power of a court to excuse a prosecutor exists independently of either the CRCP or the CPR. We find that opinion persuasive and apply it here.

Thus, we perceive no sound reason for rejecting the appearance of impropriety standard. Therefore, even if there is no violation of the CRPC, the county court was not precluded from disqualifying the City Attorney's office on grounds of appearance of impropriety.

## II.

■ The City also contends that the county court abused its discretion in finding an appearance of impropriety justifying disqualification of the assistant city attorney assigned to the case. We disagree.

■ Disqualification based on the appearance of impropriety does not require an actual impropriety such as violation of a rule of professional conduct or other behavior that may bring into question the fairness of a trial. Whether an attorney should be disqualified is a matter within the discretion of the court. *See People v. Garcia, supra; People v. Merchant, supra.*

■ The county court's decision was an abuse of discretion if it was so devoid of evidentiary support that it can only be explained as an arbitrary and capricious exercise of authority. *See Ross v. Fire & Police Pension Ass'n,* 713 P.2d 1304 (Colo.1986).

Here, although the county court did not state the basis for its finding, the record contains evidence of the assistant city attor-

ney's actions of (1) filing a police report for trespassing against the owner in the underlying nuisance action, (2) seeking and obtaining a restraining order against the defendant by filing a motion for protective order and sanctions, and (3) refusing to speak to the defendant at the hearing on that motion and demanding that the defendant communicate with him only in writing. In fact, the assistant city attorney's demeanor in refusing to speak with the defendant prompted a codefendant's counsel to characterize the underlying case as involving a "personal vendetta" into which the City Attorney's Office was also dragging his client.

The filing of the police report and a motion for protective order and sanctions was insufficient to warrant disqualification. These were lawful and appropriate responses to the city attorney's perception of the defendant's conduct, and they violated no rule of professional conduct. However, the assistant city attorney's conduct at the hearing on his motion went further. The county court was in the best position to assess the assistant city attorney's demeanor to determine whether, under the circumstances, his continued participation in the abatement proceeding would constitute grounds for disqualification based on an appearance of impropriety. *See People v. Garcia, supra.*

Because there is evidence in the record to support the county court's decision, we find no abuse of discretion. *See People v. County Court, supra.*

### III.

■ The City further contends that the county court abused its discretion in finding an appearance of impropriety justifying disqualification of the entire City Attorney's office. We are not persuaded.

■ Whether one attorney's disqualification should be imputed to all attorneys in a governmental law office is a matter within the trial court's discretion. *See People v. Garcia, supra.*

■ The trial court should consider whether disqualification appears reasonably necessary to insure the integrity of the factfinding process, the fairness or appearance of fairness of trial, the orderly or efficient administration of justice, or public trust or confidence in the justice system. The goal of the court should be to shape a remedy that will assure fairness to the parties and the integrity of the judicial process. *People v. Garcia, supra.*

■ The "rule of imputed disqualification," appears in Colorado Rules of Professional Conduct Rule 1.10(a) and requires disqualification of all members of a law firm when any one of them practicing alone would be disqualified because of a conflict of interest. The rule applies to both private firms and public law offices such as a district attorney's office or the office of the state public defender. *People ex rel. Peters v. District Court,* 951 P.2d 926 (Colo.1998).

Here, the only pertinent inquiry is whether the record reasonably supports the county court's conclusion that the public would perceive continued prosecution by the City Attorney's office as improper and unjust, so as to undermine the credibility of the court system. *See People v. County Court, supra.* We conclude that it does.

The assistant city attorney was not the only member of the office involved in this case. His supervising attorney appeared as well and argued that the owner's actions were "offensive to us-the City Attorney's Office." Thus, the public could reasonably have perceived that continued representation by anyone in the office would be improper and unjust.

Therefore, the record supports the county court's decision, and we perceive no abuse of discretion in disqualifying the entire City Attorney's office.

### IV.

■ Finally, the City contends that the county court had no jurisdiction to disqualify the assistant city attorney and the entire City Attorney's office when the record did not support a finding of a violation of the CRPC. Citing Colo. Const. art. XX, § 2 (power to provide by charter the duties of officers), Colo. Const. art. XX, § 6(a)(powers of home rule cities), and Denver City Charter art. X, § A10.1–6 (authority and duties of Department of Law and City Attorney), the City specifically argues that the city attorney

is the only person authorized to employ a special prosecutor. It further asserts that no state statute and no Denver ordinance or charter provision gives a county court the authority a district court has pursuant to § 20–1–107. In the City's view, judicial disqualification of any assistant city attorney, as well as the entire office, implicates separation of powers. We are not persuaded.

As a threshold matter, the county court's order does not appoint a special prosecutor. Rather, it holds that a special prosecutor is to be appointed.

Further, as noted above, the power of a court to excuse a prosecutor exists independently of the CRPC, *People v. Witty, supra,* and a separation of powers argument was specifically rejected in *Witty.* The division there held that if the court, in the exercise of its discretion, perceives that an appearance of impropriety would undermine public confidence in the administration of justice, it is within its discretion to disqualify the district attorney. We see no reason why that analysis should not apply to the city attorney as well. *See People ex rel. Peters v. District Court, supra* (the rule of imputed disqualification applies to public and private law firms).

The order is affirmed.

NEY and NIETO, JJ., concur.