The opinion summaries are not part of the Colorado Supreme Court's opinion. They have been prepared solely for the reader's convenience. As such, they may not be cited or relied upon. If there is any discrepancy between the language in the summary and the opinion, the language in the opinion controls.

ADVANCE SHEET HEADNOTE
June 3, 2024

**2024 CO 34**

**No. 23SA271, *People v. Honstein*—Prosecutor Testimony—Prosecutor Disqualification—Advocate-Witness Rule.**

In this original proceeding, the supreme court holds that a defendant must demonstrate a compelling and legitimate reason to call a participating prosecutor as a witness. In this case, the court finds that the defendant lacked a compelling and legitimate reason because the testimony sought by the defendant constituted impeachment evidence and was obtainable from another witness. The court therefore concludes that the trial court erred in ordering the prosecutor to testify and makes the rule to show cause absolute.

# The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

## 2024 CO 34

**Supreme Court Case No. 23SA271**
*Original Proceeding Pursuant to C.A.R. 21*
Boulder County Court Case No. 22M1874
Honorable Elizabeth Brodsky, Judge

**In Re**
**Plaintiff:**

The People of the State of Colorado,

v.

**Defendant:**

Harold Lloyd Honstein.

**Rule Made Absolute**
*en banc*
June 3, 2024

**Attorneys for Plaintiff:**
Michael T. Dougherty, District Attorney, Twentieth Judicial District
Adam D. Kendall, Chief Trial Deputy District Attorney
*Boulder, Colorado*

**Attorneys for Defendant:**
Megan A. Ring, Public Defender
Elizabeth J. Frawley, Deputy Public Defender
Elizabeth Califf, Deputy Public Defender
Antonia Diener, Deputy Public Defender
*Boulder, Colorado*

**Attorneys for Respondent Boulder County Court:**
Philip J. Weiser, Attorney General
Emily Burke Buckley, Senior Assistant Attorney General

*Denver, Colorado*

**CHIEF JUSTICE BOATRIGHT** delivered the Opinion of the Court, in which **JUSTICE MÁRQUEZ, JUSTICE HOOD, JUSTICE GABRIEL, JUSTICE HART, JUSTICE SAMOUR,** and **JUSTICE BERKENKOTTER** joined.

CHIEF JUSTICE BOATRIGHT delivered the Opinion of the Court.

¶1 In this C.A.R. 21 appeal, we determine the standard courts must apply when deciding whether a participating prosecutor must testify in response to a defendant's subpoena. We hold that a defendant who wishes to call a participating prosecutor as a witness must demonstrate a compelling and legitimate reason to do so. Applying this standard de novo, we conclude that the trial court erred in ordering the prosecutor to testify. Therefore, we make our rule to show cause absolute and remand for further proceedings consistent with this opinion.

## I. Facts and Procedural History

¶2 The People charged Harold Lloyd Honstein with one count of third-degree assault arising out of an incident with his roommate, V.S. At the time of Honstein's arrest, V.S. reported to law enforcement that Honstein punched her and threw a full soda can that struck her in the back of the head.

¶3 Ten months after the incident, however, V.S. partially recanted her accusation. During a conversation with the prosecutor and the victim advocate, V.S. stated that Honstein never actually punched her, but that he did throw a soda can at the back of her head. She further offered to shave her head to show the mark that remained from the can. The prosecutor heard the partial recantation, but the victim advocate did not. The prosecutor immediately notified defense

counsel, offered to stipulate via a jury instruction that V.S. recanted, and assigned an investigator to follow up with V.S. Three days later, V.S. reiterated to the investigator that Honstein never punched her. V.S. also stated that she originally thought Honstein punched her, but later realized what she felt was the soda can hitting her in the back of the head. The prosecution promptly shared the investigator's report documenting this second recantation with defense counsel.

¶4 In response to the initial recantation, defense counsel subpoenaed the prosecutor to testify at trial, contending that the prosecutor was the "sole perceiving witness" of V.S.'s first recantation. The People moved to quash the subpoena. The trial court denied the motion, reasoning that it had no authority to limit Honstein's "right to a fair trial and the presentation of exculpatory evidence in the manner of his choosing," and that there was a "compelling and legitimate need" to call the prosecutor for impeachment purposes. The trial court determined that the evidence could not come from another source because the initial recantation was a unique instance constituting exculpatory evidence and the "entire case hinge[d] on [V.S.'s] credibility." The trial court also ruled that there was no legal authority requiring the defense to stipulate to what the victim told the prosecutor during the first recantation.[1]

---

[1] The trial court stated that the People could renew their motion to quash after V.S. testified at trial.

4

¶5 The prosecution filed a motion to reconsider, which the trial court also denied. The People then sought relief under C.A.R. 21, and we issued a rule to show cause.

## II. Original Jurisdiction Under C.A.R. 21

¶6 We exercise our original jurisdiction under C.A.R. 21 only when "no other adequate remedy . . . is available." C.A.R. 21(a)(2). Jurisdiction is proper when "an appellate remedy would be inadequate, a party may suffer irreparable harm, or a petition raises an issue of first impression that has significant public importance." *People v. Seymour*, 2023 CO 53, ¶ 16, 536 P.3d 1260, 1269 (quoting *People v. A.S.M.*, 2022 CO 47, ¶ 9, 517 P.3d 675, 677). C.A.R. 21 is meant to provide relief that is "extraordinary in nature," and its exercise is at our sole discretion. *A.S.M.*, ¶ 9, 517 P.3d at 677.

¶7 We exercise jurisdiction here for two reasons. First, this is an issue of first impression that presents a question of significant public importance. We have yet to determine what standard applies when a defendant subpoenas a participating prosecutor to testify at trial. Our justice system rests on the strict separation between advocate and witness. As a fundamental proposition, we ask juries to base their decisions on the facts before them, not the credibility or reliability of the advocates. Consequently, a participating prosecutor's testimony, although rare,

can compromise the integrity of the adversarial process. Accordingly, it is necessary that we provide a clear standard for evaluating this issue.

¶8 Second, there is no other adequate relief available. The People argue that without review at this juncture, they lack a remedy that would offer any meaningful redress. We agree. If the prosecutor was forced to testify and Honstein was acquitted, double jeopardy would preclude the prosecution from re-trying Honstein. Colo. Const. art. II, § 18. Thus, our review at this stage is necessary.

## III. Analysis

¶9 We begin by setting forth the relevant standard of review. Then, we examine Colorado precedent on the key doctrines implicated here: compulsory process, the advocate-witness rule, and prosecutor disqualification. Next, we review the federal standard for prosecutor testimony. Following that discussion, we adopt the federal approach and hold that a defendant who wishes to call a participating prosecutor must demonstrate a compelling and legitimate reason to do so. Last, we apply our holding to this case and conclude that the trial court erred in determining that the prosecutor must testify.

### A. Standard of Review

¶10 We review a trial court's ruling on a motion to quash for abuse of discretion. *Liggett v. People*, 2023 CO 22, ¶ 42, 529 P.3d 113, 123. A trial court abuses its

6

discretion if its ruling is "manifestly arbitrary, unreasonable, or unfair." *Chirinos-Raudales v. People*, 2023 CO 33, ¶ 23, 532 P.3d 1200, 1205. A trial court also abuses its discretion if it misapplies the law. *Liggett*, ¶ 42, 529 P.3d at 123.

### B. Compulsory Process, the Advocate-Witness Rule, and Prosecutor Disqualification in Colorado

¶11 The U.S. and Colorado constitutions guarantee criminal defendants the right to a fair trial. U.S. Const. amends. V, XIV; Colo. Const. art. II, §§ 16, 25. As part of this right, defendants enjoy compulsory process: the ability to "compel the attendance of witnesses" on their behalf to make their case and defend themselves. Colo. Const. art. II, § 16. This right is violated when defendants are denied their "only means of effectively testing significant prosecution evidence." *People v. Owens*, 2024 CO 10, ¶ 141, 544 P.3d 1202, 1231 (quoting *Krutsinger v. People*, 219 P.3d 1054, 1062 (Colo. 2009)).

¶12 While we have yet to directly address the standard that applies when a defendant subpoenas a participating prosecutor, we have decided underlying and adjacent issues. Namely, we have set forth the reach of the advocate-witness rule and the relevant inquiry for when a defendant requests the disqualification of a prosecutor or prosecutor's office when they are called as a witness. *See Fognani v. Young*, 115 P.3d 1268, 1272 (Colo. 2005) (advocate-witness rule); *People v. Garcia*, 698 P.2d 801, 805 (Colo. 1985) (prosecutor and prosecutor's office disqualification).

7

¶13    The advocate-witness rule, codified in Colo. RPC 3.7, generally forbids counsel from "maintain[ing] dual roles as advocate and witness in the same matter before the same tribunal." *Fognani*, 115 P.3d at 1272. Specifically, Rule 3.7 prohibits attorneys from serving as an advocate in the same trial in which they are "likely to be a necessary witness."[2] Colo. RPC 3.7(a). The rule seeks to preserve the integrity of the adversarial process, as "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client."[3] Colo. RPC 3.7 cmt. 1.

¶14    Relatedly, when asked to disqualify a prosecutor or prosecutor's office when they are called as a witness, a trial court should disqualify the prosecutor if their testimony is "of sufficient consequence to prevent a fair trial." *People v. Arellano*, 2020 CO 84, ¶ 26, 476 P.3d 364, 368. Disqualification is proper if the court determines that it is necessary to ensure "the integrity of the fact-finding process, the fairness or appearance of fairness of trial, the orderly or efficient

---

[2] In determining whether a party is a "necessary witness," courts look at the nature of the case, the weight and subject of the testimony, and the availability of other witnesses or evidence that could serve as substitutes. *Fognani*, 115 P.3d at 1274 (adopting the Colorado Bar Association Ethics Committee's approach to determining a "necessary witness" under Rule 3.7).

[3] The rule allows for exceptions when: (1) the testimony concerns an uncontested issue, (2) the testimony relates to the nature and value of legal services rendered in that specific case, or (3) disqualification of the attorney would cause the client substantial hardship. Colo. RPC 3.7(a)(1)–(3).

administration of justice, or public trust or confidence in the criminal justice system." *Garcia*, 698 P.2d at 806. In evaluating a disqualification request, trial courts consider the degree to which the testimony is contested, as well as its nature, relevance, and necessity, among other factors, depending on the breadth of the request. *Id.* at 807.

¶15 With these concepts as a backdrop, we proceed to examine the federal standard for requiring a participating prosecutor to testify.

## C. The Federal "Compelling and Legitimate" Standard

¶16 As in Colorado, the federal advocate-witness rule generally bars an attorney from appearing both as a witness and an advocate in the same case. *See United States v. Prantil*, 764 F.2d 548, 552–53 (9th Cir. 1985); *United States v. Birdman*, 602 F.2d 547, 551–55 (3d Cir. 1979); *United States v. Johnston*, 690 F.2d 638, 642–43 (7th Cir. 1982). In criminal trials, federal courts strive to maintain the distinction between advocate and witness to protect the integrity of the adversarial process, eliminate the risk of jury confusion, and safeguard against the possibility that a testifying prosecutor is not a "fully objective witness." *Prantil*, 764 F.2d at 553.

¶17 Thus, a defendant who wishes to call a prosecutor as a witness must demonstrate "a compelling and legitimate reason to do so." *United States v. Regan*, 103 F.3d 1072, 1083 (2d Cir. 1997). In determining whether there is a compelling and legitimate reason for the testimony, federal courts "must honor the

defendant's constitutional rights under the confrontation and compulsory process clauses of the Sixth Amendment." *Prantil*, 764 F.2d at 552. Specifically, defendants must show that the prosecutor's testimony is vital to the case and that the "inability to present the same or similar facts from another source creates a compelling need for the testimony." *United States v. Watson*, 952 F.2d 982, 986 (8th Cir. 1991).

¶18 Federal caselaw does not indicate whether "compelling and legitimate" is a compound consideration or should be analyzed as two separate factors. *See, e.g.*, *Regan*, 103 F.3d at 1083. To our knowledge, no case has turned solely on the legitimacy of the testimony at issue; rather, the crux of the inquiry centers on whether the testimony is sufficiently "compelling." Testimony available via alternative sources or constituting duplicative impeachment is not compelling. *See United States v. Dupuy*, 760 F.2d 1492, 1497–98 (9th Cir. 1985) (finding that there were alternative sources and that the elicited testimony would be "cumulative at best"); *United States v. Tamura*, 694 F.2d 591, 601 (9th Cir. 1982) (finding that the prosecutor's testimony would be duplicative impeachment). In contrast, a defendant demonstrates a compelling reason when the prosecutor's unique knowledge of the facts is "vital to the defendant's defense." *Prantil*, 764 F.2d at 552 (finding that the prosecutor's testimony was vital because he "was both a

witness to and a participant in the factual events at issue."). Next, we adopt these principles and apply them to the case at hand.

### D. Colorado Defendants Must Prove a Compelling and Legitimate Reason to Call a Prosecutor as Witness

¶19 The case before us concerns the standard a court must use to evaluate a defendant's subpoena of a participating prosecutor. Separating advocate from witness and argument from testimony is essential to the adversarial system, and the muddling of those boundaries should be both infrequent and exceptional. Equally important, however, is a defendant's right to mount a cogent defense. We believe that the federal compelling and legitimate standard provides the best approach, striking the appropriate balance between the rights of all parties. Further, it provides trial courts discretion to account for the few instances in which prosecutor testimony is essential to the administration of justice, and to prevent its inclusion when it is not.

¶20 Accordingly, we hold that a defendant who wishes to call a participating prosecutor as a witness must demonstrate a compelling and legitimate reason to do so. This standard requires the testimony in question to be both vital to the case and unobtainable from other sources. Trial courts have discretion to determine whether the proffered reason is compelling and legitimate and should quash subpoenas eliciting testimony when this standard is not met. Now, we apply our holding to the instant case.

11

## E. Application

¶21 The People contend that the trial court abused its discretion because the defense had no compelling and legitimate reason to call the prosecutor to the witness stand. They argue that the prosecutor's potential testimony regarding V.S.'s initial recantation could be obtained by alternative means and that their offer to stipulate to the initial recantation resolved the issue, meaning there was no need for the prosecutor to testify.

¶22 Conversely, Honstein argues that the trial court properly concluded that there was a compelling and legitimate reason for the testimony because the prosecutor was the sole witness to V.S.'s initial recantation. He also argues that he is not required to accept the prosecutor's stipulation in lieu of live testimony. Likewise, the trial court contends that it acted well within its discretion and correctly ruled that the prosecutor must testify.

¶23 To begin, though the People offered to stipulate to the events that took place during the initial recantation, there exists no authority requiring the defense to accept such a stipulation. While in some instances, the prosecution may be compelled to accept a factual stipulation from the defense, the reverse scenario is not a feature of our system—and we decline to make it one. *See Martin v. People*, 738 P.2d 789, 794 (Colo. 1987) (holding that a trial court may force the prosecution to accept a stipulation if it does not weaken the prosecution's case).

¶24     Rejecting the stipulation as an alternative for the prosecutor's testimony, we nevertheless conclude that Honstein has not demonstrated a compelling and legitimate reason to call the prosecutor as a witness in this case. Under these facts, the existence of a comparable alternative source is enough to render the prosecutor's testimony needless. *See Dupuy*, 760 F.2d at 1498; *Tamura*, 694 F.2d at 601. Here, the material substance of the prosecutor's testimony is available from an alternative source—namely, the investigator. The timing and manner in which V.S. changed her story are largely irrelevant; the salient fact is that she changed it at all.

¶25     While V.S. recanted to the prosecutor three days before she recanted to the investigator, the record reveals that the two conversations were substantively identical. In the first conversation with the prosecutor, V.S. stated that the soda can hit her in the head, but that Honstein did not punch her. She further offered to shave her head to show the mark that remained from the can. In the second conversation with the investigator, V.S. repeated that Honstein did not punch her. She went on to say that she initially thought Honstein punched her but later realized what she felt was the soda can hitting her in the back of the head. The only difference between these two conversations is V.S.'s offer to shave her head (in conversation one) and her further explanation that she mistook the can for a

punch (in conversation two).[4] The trial court found that the presence of these additional contextual details rendered the conversations wholly distinguishable. We are not convinced.

¶26 Though the two conversations were distinct, the second conversation provides all the relevant information found in the first. *See Watson*, 952 F.2d at 986 (holding that defendants must show they cannot demonstrate the "same or similar facts" from other sources to justify calling a prosecutor as a witness). Significantly, the testimony of the investigator and the prosecutor ultimately serve the same purpose: to impeach V.S. about the same set of facts in the same way. In addition, there is no indication that V.S. will deny the recantation, further diluting the necessity of this testimony. And if V.S. admits she changed her story while on the stand, there is no compelling need for the prosecutor or the investigator's testimony regarding her inconsistent statements.

¶27 In sum, the facts of this case don't require us to blur the line between advocate and witness. Accordingly, we conclude that Honstein has failed to demonstrate a compelling and legitimate reason for the participating prosecutor to testify.

---

[4] V.S. discussed other facts during the conversation with the investigator that were not discussed with the prosecutor. These facts are unrelated to the recantation, so we have not included them in our analysis.

# IV. Conclusion

¶28    A defendant who wishes to call a participating prosecutor as a witness must demonstrate a compelling and legitimate reason to do so. In this case, the testimony sought by Honstein does not meet that standard. Accordingly, we make the rule to show cause absolute and remand for further proceedings consistent with this opinion.