The PEOPLE of the State
of Colorado, Plaintiff

v.

Jimmy Joseph VASQUEZ, Defendant.

No. 03SA218.

Supreme Court of Colorado,
En Banc.

Feb. 9, 2004.

Rehearing Denied March 1, 2004.

Robert S. Grant, District Attorney, Michael Milne, Senior Deputy District Attorney, Brighton, Colorado, Attorneys for Petitioner.

David S. Kaplan, Colorado State Public Defender, Jason Middleton, Deputy State Public Defender, Katherine Brien, Deputy State Public Defender, Scott Evans, Deputy State Public Defender, Todd Nelson, Deputy State Public Defender, Denver, Colorado, Attorneys for Defendant.

Justice KOURLIS delivered the Opinion of the Court.

## I. Introduction

In this case, the defendant is on trial for first degree murder, and the state has indicated its intent to seek the death penalty. The defendant claims that he is mentally retarded. Section 18–1.3–1102, 6 C.R.S. (2003) (the "statute"), is the statute that sets forth the procedures to be followed when a defendant raises issues of mental retardation in a death penalty case. Upon motion of the defendant, the trial court here declared the statute unconstitutional because it requires the defendant to prove retardation by clear and convincing evidence to the satisfaction of the court at a pre-trial proceeding. We issued a rule to show cause to review that determination.

The United States Supreme Court has held that the Eighth Amendment to the United States Constitution bars execution of the mentally retarded. *Atkins v. Virginia,* 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). Because we are dealing here with a statutory procedure that exempts some defendants from any further capital proceedings, we conclude that it does not offend *Atkins.*[1]

Accordingly, we hold that section 18–1.3–1102 is constitutional; we make our rule to show cause absolute, and remand the case to the trial court for further proceedings.

## II. Facts and Procedural History

On September 5, 2002, the Adams County District Attorney (the "prosecution") charged Jimmy Joseph Vasquez with first degree murder,[2] a class one felony, related to the death of his wife, Angela Marie Vasquez. Vasquez pled not guilty to the charge on December 17, 2002, and the court set a jury trial for May 12, 2003. On February 14, 2003, the prosecution filed a notice of intent to seek the death penalty in the case pursuant to section 18–1.3–1201(3), 6 C.R.S. (2003), and listed the aggravating factors related to the crime that it contended would justify a sentence of execution. After Vasquez requested a continuance on March 7, 2003, and waived speedy trial, the trial was reset to October 14, 2003. On June 2, 2003, Vasquez filed a "notice of mental retardation," pursuant to section 18–1.3–1102(1).

On June 5, 2003, Vasquez filed a motion with the court arguing that section 18–1.3–1102 is void because it places an unconstitutional burden of proof on the defendant. At a hearing held on the motion on July 3, 2003, the court agreed with Vasquez and ruled that section 18–1.3–1102 impermissibly placed on the defendant the burden of proving his mental retardation. To cure that problem, the court ordered the prosecution to prove that Vasquez was not mentally retarded by a preponderance of the evidence.

On August 8, 2003, the prosecution filed a petition for a rule to show cause under C.A.R. 21 why the district court's order should not be vacated. On August 18, 2003, we issued such a rule and the parties briefed the issue.

## III. Analysis

Vasquez requests that this court declare section 18–1.3–1102 unconstitutional. He contends that the prohibition announced in *Atkins* cannot be sustained by requiring a defendant to bear the burden of proof concerning the fact of mental retardation. Instead, he insists that it is the prosecution that must prove the defendant's lack of retardation beyond a reasonable doubt.

Alternatively, Vasquez argues that because the Eighth Amendment imposes a categorical bar on the execution of the mentally retarded, it follows that the burden placed on the defendant in 18–1.3–1102 is unconstitutionally high. He states that requiring a defendant to prove his own mental retardation by

---

1. The defendant argues that the statute must also be gauged against the requirement in *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) that factors making a defendant death-eligible must be proven to a jury. Both because proof by clear and convincing evidence of mental retardation at this stage of the

proceedings does not make him death-eligible, but rather makes him ineligible, and also because such questions are not properly before us at this time, we decline to reach those issues.

2. § 18–3–102, 6 C.R.S. (2003).

clear and convincing evidence does not adequately protect the constitutional prohibition heralded by *Atkins.* Rather, he requests that this court limit the defendant's burden to a preponderance of the evidence standard.

We conclude, however, that because section 18–1.3–1102 merely sets out a process by which a court determines whether a criminal defendant is indeed mentally retarded in order to avoid an unnecessary capital trial, and because nothing in *Atkins* would prohibit such a process, the statute's allocation of burdens is constitutionally permissible. Further, we also hold that the standard of proof placed upon the defendant—clear and convincing evidence—is constitutionally adequate.

### A. Background

Colorado has barred the execution of the mentally retarded since 1993, when the General Assembly passed sections 18–1.3–1102 and 18–1.3–1103. Ch. 155, sec. 1, § 16–9–402, 1993 Colo. Sess. Laws 543, 543–44; Ch. 318, sec. 2, § 18–1.3–1102, 2002 Colo. Sess. Laws 1365, 1365–66 (moved to its current location); Ch. 155, sec. 1, § 16–9–403, 1993 Colo. Sess. Laws 543, 544; Ch. 318, sec. 2, § 18–1.3–103, 2002 Colo. Sess. Laws 1365, 1444 (moved to its current location). Where section 18–1.3–1103 substantively precludes executing a mentally retarded defendant, section 18–1.3–1102 provides the procedural mechanism by which the court determines whether the defendant is in fact mentally retarded. That statute states in pertinent part that when a defendant files a motion alleging that he is mentally retarded,

> [t]he court shall hold a hearing upon [such] motion [at which hearing], the defendant shall be permitted to present evidence with regard to such motion and the prosecution shall be permitted to offer evidence in rebuttal. The defendant shall have the burden of proof to show by clear and convincing evidence that such defendant is mentally retarded.

§ 18–1.3–1102(2). In providing this protection, the General Assembly was under no constitutional imperative since the Supreme Court had decided in 1989 in *Penry v. Lynaugh,* 492 U.S. 302, 305, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), that the U.S. Constitution did not bar the practice of executing mentally retarded criminal defendants. Thirteen years later, however, in *Atkins,* the Supreme Court overturned its decision in *Penry* and declared the execution of the mentally retarded unconstitutional. 536 U.S. at 320, 122 S.Ct. 2242. Citing to the evolving standards of decency contemplated by the Eighth Amendment, the Court held that executing a mentally retarded defendant was indeed cruel and unusual punishment and that, as a result, "the mentally retarded should be categorically excluded from execution." *Id.* at 318, 122 S.Ct. 2242.

The Court observed that notwithstanding its decision in *Penry,* many states, including Colorado, had either prohibited the death penalty altogether or barred the execution of the mentally retarded in particular. *Id.* at 314–16, 109 S.Ct. 2934. Since even those states that did not bar the death penalty for the mentally retarded rarely executed mentally retarded defendants, the practice had "become truly unusual." *Id.* at 316, 109 S.Ct. 2934. Further, the Court explained that because sentencing a mentally retarded defendant to death failed to "measurably contribute to" either of the two acceptable social goals justifying the death penalty,—"retribution and deterrence of capital crimes by prospective offenders"—executing a mentally retarded defendant was "excessive." *Id.* at 319, 321, 109 S.Ct. 2934. For these reasons, the Court concluded that the Eighth Amendment places " 'a substantive restriction on the State's power to take the life' of a mentally retarded defendant." *Id.* at 321, 109 S.Ct. 2934 (quoting *Ford v. Wainwright,* 477 U.S. 399, 405, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986)).

### B. Colorado's Mental Retardation Statute

 At the outset, we acknowledge that we deem a statute to be facially unconstitutional only if "no conceivable set of circumstances exists under which it may be applied in a constitutionally permissible manner." *Woldt v. People,* 64 P.3d 256, 266 (Colo.2003). Further, "[b]ecause we respect the roles of the legislative and executive branches, we

presume that statutes are constitutional." *Id.* And, "a defendant challenging the constitutionality of a statute bears a heavy burden of proving the statute unconstitutional beyond a reasonable doubt." *People v. Bossert,* 722 P.2d 998, 1002 (Colo.1986).

Vasquez raises two arguments. He first maintains that the substantive prohibition recognized by the Supreme Court in *Atkins* is such that a defendant cannot be required to bear the burden of proving its operation. Second, he insists that even if *Atkins* does not protect the defendant from bearing the burden of proof, it at least requires a lower burden than clear and convincing evidence. We disagree on both points.

### 1. Allocation of Proof

■ *Atkins* placed a "*substantive* restriction on the State's power to take the life of a mentally retarded offender." *Atkins,* 536 U.S. at 321, 122 S.Ct. 2242 (internal quotation marks omitted)(emphasis added). Far from announcing a procedural rule, *Atkins* merely declared that the Eighth Amendment now prohibits the execution of the mentally retarded. *Id.* In reaching its conclusion that evolving standards of decency precluded such executions, the Court looked to the states, including Colorado, that already had statutes in place to prohibit such a practice. The Court observed that "[t]o the extent there is serious disagreement about the execution of mentally retarded offenders, it is in determining which offenders are in fact retarded." *Id.* at 317, 122 S.Ct. 2242. Thus, "[n]ot all people who claim to be mentally retarded will be so impaired as to fall within the range of mentally retarded offenders about whom there is a national consensus." *Id.* Citing to its earlier decision in *Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), where the Court declared a similar exception for the insane, the Court then explained that it would "leave to the States the task of developing appropriate ways to en-

force the constitutional restriction upon their execution of sentences." *Atkins,* 536 U.S. at 317, 122 S.Ct. 2242 (internal quotation marks and omissions omitted) (quoting plurality portion of *Wainwright,* 477 U.S. at 416–17, 106 S.Ct. 2595).

Consequently, *Atkins* set forth the substantive restriction against executing the mentally retarded, but left to the states the responsibility for implementing the restriction. Colorado already had a procedure in place in the form of section 18–1.3–1102. *See also Atkins,* 536 U.S at 313–14, 122 S.Ct. 2242 (remarking that Georgia was the first state to bar the execution of the mentally retarded and citing favorably to that statute, which then and now requires the defendant to prove his mental retardation beyond a reasonable doubt, the most stringent standard of any statute, Ga.Code § 17–7–131(c)(3) (2003)).[3]

### 2. Standard of Proof

■ Vasquez alternatively argues that the principles set forth in *Atkins* at a minimum preclude the imposition of a clear and convincing standard of proof upon him. He argues that while "a pre-trial hearing is appropriate to determine whether the case should even proceed to a capital case," the standard of proof required of him here is unconstitutionally high. He contends that under *Cooper v. Oklahoma,* 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), in order to protect a mentally retarded defendant from execution, a state may require that defendant to prove his mental retardation by no more than a preponderance of the evidence. Thus, he insists, Colorado's statute exceeds constitutional bounds by requiring him to prove the fact of mental retardation by clear and convincing evidence. We are not persuaded.

In *Cooper,* the Supreme Court struck down an Oklahoma statute that required a criminal defendant alleging incompetency to

---

3. At the time *Atkins* was decided, in addition to Colorado's statute and Georgia's beyond a reasonable doubt standard, two other states that banned the execution of the mentally retarded required the defendant to prove his mental retardation by clear and convincing evidence—Florida, Fla. Stat. § 921.137(4) (2003), and Indiana,

Ind.Code § 35–36–9–4(b)(2003). Since *Atkins,* two states have passed statutes requiring a mentally retarded defendant to prove his mental retardation by clear and convincing evidence—Arizona, Ariz.Rev.Stat. § 13–703.02(G) (2003), and North Carolina, N.C. Gen.Stat. § 15A–2005(c) (2003).

stand trial to prove that allegation by clear and convincing evidence in a pre-trial hearing. 517 U.S. at 356, 116 S.Ct. 1373. There, the defendant argued, and the Court agreed, that historical and modern practice as well as the fundamental right at issue in that case prevented Oklahoma from trying a defendant who had demonstrated his incompetence by a preponderance of the evidence. *Id.* at 355, 116 S.Ct. 1373.

Vasquez argues that *Cooper* directs us to overturn our statute solely based on the nature of the right at issue. He maintains that because the Eighth Amendment right not to be executed due to mental retardation is equally as fundamental as the right not to be required to stand trial due to incompetence, it follows under *Cooper* that Colorado may no more require him to prove his mental retardation by clear and convincing evidence than Oklahoma could require the defendant in that case to prove his incompetence by clear and convincing evidence.

However, the concerns that the Court outlined in *Cooper* are simply not implicated here. The procedure envisioned by the statute is a pre-trial procedure that obviates any further capital offense proceedings in some cases. Imposing upon the defendant the burden of proving his retardation by clear and convincing evidence for that purpose offends no constitutional mandate.

Hence, neither the procedural rule of *Cooper* nor the substantive restriction of *Atkins* limits Colorado's discretion in allocating and quantifying the appropriate burden of proof. We, therefore, conclude that the standard of proof required of section 18–1.3–1102 is constitutionally permissible.

## IV. Conclusion

Because we hold the Colorado statute to be constitutionally sufficient under all applicable standards, we now make the rule to show cause absolute. We remand this case to the trial court for further proceedings.