The PEOPLE of the State of Colorado, Plaintiff,

v.

M.B., Defendant,

The People of the State of Colorado, Plaintiff,

v.

Tyler Dwayne Edmunds, Defendant,

The People of the State of Colorado, Plaintiff,

v.

R.P., Defendant,

The People of the State of Colorado, Plaintiff,

v.

N.A.P., Defendant,

The People of the State of Colorado, Plaintiff,

v.

T.R., Defendant.

Nos. 04SA37, 04SA38, 04SA39, 04SA40, 04SA41.

Supreme Court of Colorado, En Banc.

May 24, 2004.

A.M. Dominguez, Jr., District Attorney, 19th Judicial District, Patryce S. Engel, Christian J. Schulte, Robert J. Frick, Deputy District Attorney, Greeley, Colorado, Attorneys for Plaintiff.

David S. Kaplan, Colorado State Public Defender, Brian N. Connors, Deputy State

Public Defender, Greeley, Colorado, Attorneys for Defendants.

Justice BENDER delivered the Opinion of the Court.

We issued a rule to show cause why the relief requested should not be granted in the five cases consolidated in this opinion.[1] The defendants are all adjudicated juvenile delinquents who were charged with felony escape pursuant to section 18–8–208(2), and their cases all raise the same issue: whether the trial court erred when it concluded that section 18–8–210.1, which allows a sub-set of juvenile offenders to be charged with felony escape, violates article XVIII, § 4 of the Colorado Constitution.[2] We hold that section 18–8–210.1 does not violate the Colorado Constitution either facially or as applied to the juvenile defendants in this case, and therefore we make the rule absolute as to all five cases.

**Facts and Proceedings Below**

The defendants in this case had all been adjudicated juvenile delinquents for offenses, which, if committed by an adult, would have been felonies. The defendants were all subsequently charged with felony escape pursuant to section 18–8–208(2), 6 C.R.S. (2003) after they fled from the Oasis youth correction facility, the Weld County Jail work release program, or other detention facilities. The People relied on section 18–8–210.1 to bring the charges because that provision allows certain felony charges, such as escape, to be brought against a juvenile "who is detained for the commission of an act which would constitute … a felony … if committed by an adult."

Defendant M.B. filed a motion challenging the constitutionality of section 18–8–210.1. M.B. argued this provision is facially unconstitutional under article XVIII, section 4 of the Colorado Constitution because it "impermissibly expands the definition of 'felony.'"

The trial court agreed and declared section 18–8–210.1 both facially unconstitutional and unconstitutional as applied to the juvenile defendants in this case. The court first cited the constitutional definition of "felony":

The term felony, wherever it may occur in this constitution, or the laws of the state, shall be construed to mean any criminal offense punishable by death or imprisonment in the penitentiary, and none other.

Colo. Const. art. XVIII, § 4. The court reasoned that adjudication as a juvenile does not qualify as a felony under the Colorado Constitution, and therefore a juvenile adjudication cannot provide the basis for a subsequent felony charge under section 18–8–208(2). Accordingly, the trial court granted M.B.'s motion and declared section 18–8–210.1 "violative of the Plain Language of Article XVIII, Section 4 of the Colorado Constitution and Unconstitutional as applied to defendants and others similarly situated."

We granted a rule to show cause and now make that rule absolute.

**I.**

Our review of the trial court's rulings begins with the basic principle that we presume a statute enacted by the General Assembly to be constitutional. *People v. Vasquez,* 84 P.3d 1019, 1021–22 (Colo.2004). The party challenging the validity of a statute is required to prove it is unconstitutional beyond a reasonable doubt. *Id.*

A statute is facially unconstitutional only if "no conceivable set of circumstances exists under which it may be applied in a constitutionally permissible manner." *Id.* at 1021 (quoting *Woldt v. People,* 64 P.3d 256, 266 (Colo.2003).) If a statute can be construed in a manner that adheres to constitutional requirements, we must adopt that construction. *People v. Lowrie,* 761 P.2d 778, 782 (Colo.1988).

The defendants in this case were charged with escape, a class three felony,

---

**1.** The five cases we consider below are: *People v. M.B.,* Case No. 04SA37; *People v. Tyler Dwayne Edmunds,* Case No. 04SA38; *People v. R.P.,* Case No. 04SA39; *People v. N.A.P.,* Case No. 04SA40; *People v. T.R.,* Case No. 04SA41.

**2.** Defendant Tyler Dwayne Edmunds was a minor when he was charged with felony escape. He is now aged eighteen, and accordingly we refer to him by name.

pursuant to section 18–8–208(2), which provides:

> A person commits a class 3 felony if, while being in custody or confinement following conviction of a felony other than a class 1 or class 2 felony, he knowingly escapes from said custody or confinement.

§ 18–8–208(2), 6 C.R.S. (2003).

This adult crime applies to adjudicated juvenile delinquents by virtue of section 18–8–210.1, which permits adjudicated delinquents who have committed offenses that would have been felonies if committed by an adult to be charged with felony escape:

> For the purposes of this part 2, any reference to ... convicted of, a felony ... shall be deemed to include a juvenile who is detained for the commission of an act which would constitute such a felony ... if committed by an adult.

§ 18–8–210.1, 6 C.R.S. (2003).

Under Colorado law, a felony is "any criminal offense punishable by death or imprisonment in the penitentiary, and none other." Colo. Const. art. XVIII, § 4. The trial court concluded that section 18–8–210.1 is unconstitutional both facially and as applied because it redefines "felony" in violation of Colo. Const. art. XVIII, § 4.

The trial court's ruling assumes that section 18–8–210.1 converts a delinquency adjudication into a felony conviction, which would be impermissible under the Colorado Constitution. However, section 18–8–210.1 does not re-classify adjudicated delinquents as felons. Rather, it authorizes the People to bring felony escape charges against a sub-set of juvenile offenders who committed acts which, if committed by an adult, would be a felony. Section 18–8–210.1 does not deem this sub-set of adjudicated juvenile offenders felons.

Hence, we conclude that section 18–8–210.1 does not conflict with article XVIII, section 4, because the statute's sole effect is to criminalize certain behavior (escape) when it is committed by an adjudicated juvenile delinquent who is confined because she committed an offense that would be a felony if committed by an adult. The power to criminalize such conduct lies firmly within the purview of the legislature, and absent a constitutional infirmity, we have no basis to interfere with that power. *See* Colo. Const. art. V., § 1; *Gorman v. People,* 19 P.3d 662, 665 (Colo. 2000) ("The power to define criminal conduct and to establish the legal components of criminal liability is vested in the General Assembly."); *Copeland v. People,* 2 P.3d 1283, 1286 (Colo.2000); *People v. Low,* 732 P.2d 622 (Colo.1987); *People v. Childs,* 199 Colo. 436, 610 P.2d 101 (1980).

## II.

Hence, we hold that the trial court erred by concluding that section 18–8–210.1 violates article XVIII, section 4 of the Colorado Constitution by impermissibly modifying the definition of "felony." The statute comports with article XVIII, section 4 because it merely authorizes the People to charge a sub-set of adjudicated juvenile delinquents with felony escape. We therefore make this rule absolute in each of these five cases.